## COMMONWEALTH *vs.* LOUISA LUCKIS.

On the trial of an indictment for an attempt to steal a pocket-book from the person, the evidence showed that a police officer, seeing the defendant put her left hand into the pocket of another woman, grasped the wrist of that hand; and that the defendant then raised the hand in and with the pocket, and let it fall again suddenly, tearing the pocket, when the pocket-book fell to the ground. *Held*, that there was no ground of exception to the refusal of the judge to rule that on this evidence "there was a sufficient caption and asportation to constitute larceny," and to his instructing the jury that "if they were satisfied, beyond a reasonable doubt, that the defendant's hand had been thrust into the woman's pocket with a felonious intent, and was arrested in the pocket while attempting to execute that intent, and before it had reached or disturbed the pocket-book, they might find her guilty of the offence charged in the indictment."

INDICTMENT for an attempt to commit larceny of a pocket-book from the person of a woman unknown. Trial in the superior court, before *Vose*, J., who allowed a bill of exceptions in substance as follows:

The only witness for the Commonwealth was a police officer, the material part of whose testimony was this: " I saw the defendant put her left hand into the pocket of an old lady. I stepped forward and caught her by the left wrist while her hand was in the pocket. She immediately raised her hand in the air, with the dress, her hand being still in the pocket, and my hand still upon the defendant's hand; and, bringing her hand down again suddenly, tore the dress and pocket to the ground, the pocket-book dropping to the ground. She said, ' Let go my hand. Who are you? Are you an officer? ' I told her I was, and that she must go with me. The pocket-book dropped after the dress and pocket had been torn." There was no evidence that the defendant placed her hand upon the pocket-book. The witness also testified to other facts tending to show the guilt of the defendant.

The defendant offered no evidence, but asked the judge to instruct the jury " that, on the evidence as given on the part of the Commonwealth, there was a sufficient caption and asportation to constitute larceny, and so the indictment was not supported; that any movement made by the defendant to alter the

position of the pocket-book of the party named in the indict-
ment with a view to take it away was a sufficient asportation,
and that no manual taking, was necessary." The judge declined
so to rule ; and instructed the jury "that if they were satisfied,
beyond a reasonable doubt, that the hand of the defendant had
been thrust into the woman's pocket with a felonious intent, and
was arrested in the pocket while attempting to execute that in
tent, and before her hand had reached or disturbed the woman's
pocket-book, they might find her guilty of the offence charged
in the indictment; that any alteration in the position of the
pocket-book in the woman's pocket, caused by the struggle be-
tween the defendant and the officer, the pocket-book not having
been nor being in the defendant's hand, or in contact with it,
would not be such a caption or asportation as to constitute the
offence of larceny instead of the offence charged; but that if the
defendant's hand had reached or seized the pocket-book, before
it was arrested by the officer, or during the struggle, and she
altered the position of the pocket-book in the attempt to secure
or retain it, this would be such a caption or asportation as would
make it their duty to acquit the defendant."

The jury returned a verdict of guilty; and the defendant
alleged exceptions.

*F. F. Heard,* for the defendant, cited *Rex* v. *Thompson,* 1
Mood. 78; *Regina* v. *Simpson,* Dearsly, 421; 2 Russell on
Crimes, (4th Eng. ed.) 359.

*C. Allen,* Attorney General, for the Commonwealth.

Colt, J. The defendant, waiving all objections to the form
of the indictment, relies now only upon alleged errors in the
rulings and instructions of the court upon the evidence.

The case shows an attempt manifested by an act, which was
tne beginning of a larceny, the completion of which was inter-
rupted by an intervening circumstance not within the control of
the prisoner. To justify a conviction, it was necessary to show
that she failed in the perpetration, or was prevented in the exe-
cution of the offence of stealing from the person, — an offence
which could only be complete when the property sought to be
taken was in the full custody and control of the defendant. It

is not indeed necessary that the pocket-book of the prosecutor should have been removed from the pocket, if once within the grasp of the thief, to constitute larceny. *Rex* v. *Thompson.* 1 Mood. 78. But the prisoner must for an instant at least have had perfect control of the property. There was nothing in the evidence reported which would justify the court in instructing the jury that there was such instantaneous caption and asportation in this case. Nor is there any evidence to which the last part of the instructions asked could be applied. It was not until after the hand was seized by the officer, and after all intention to commit any larceny must have been abandoned, that the pocket-book fell from the pocket in the struggle which ensued.

There was no error in the instructions given, or in refusing those asked. *Exceptions overruled.*