WILLIAM C. HARRISON, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

To constitute the offence of larceny there must be a taking of the goods from the power or control of the owner. A temporary possession, however, by the thief, though but for a moment, is sufficient.

Plaintiff in error was indicted for larceny. The evidence showed that he put his hand into the coat pocket of complainant, seized the pocket-book of the latter containing a large amount of money and securities, and lifted it about three inches from the bottom of the pocket, when he was prevented. *Held*, that this was a sufficient carrying away to constitute the offence charged.

(Submitted December 11, 1872; decided December 17, 1872.)

ERROR to the General Term of the Supreme Court in the first judicial department, to review judgment affirming judg-

ment of the Court of General Sessions of the Peace in and for the city and county of New York, entered upon conviction of plaintiff in error of the crime of grand larceny.

Henry H. Bull, collector of the Central National Bank of the city of New York, got on to a street car on the 25th of May, 1872. He had in his possession, in a pocket book in his breast coat pocket, about $25,000 in money and securities. As he was entering the door he was met by the prisoner, who put his hand into Mr. Bull's pocket, seized the pocket-book, and lifted it about three inches from the bottom of the pocket, when he was discovered by Mr. Bull, who seized the pocket-book and thrust it back into his pocket. The prisoner's counsel asked the court to charge that the jury under the evidence could not convict of any other offence than an attempt to commit larceny. The court refused so to charge. He did charge that the least removal of property from the place where it is deposited is a sufficient carrying away to constitute the offence of larceny, provided such removal in the opinion of the jury was of a felonious character. Counsel duly excepted. The jury rendered a verdict of guilty.

*William F. Kintzing* for the plaintiff in error. To constitute the offence of larceny, there must be an actual taking and entire possession by the thief. (Roscoe Crim. Ev., 570; Wharton Am. Crim. Law, vol. 2, 6th ed., § 1810; Chitty Crim. Law, vol. 3, p. 924; *James Phillips' Case*, 4 City Hall Recorder, 177; Bishop on Crim. Law, vol. 2, 757; Russell on Crimes, vol. 2, p. 14; *State* v. *Carr*, 13 Vt., 571; *State* v. *Wilson*, Coxe, 439.) There must be a severance of the goods from the possession of the owner. (*Rex* v. *Wilkinson*, 1 Hale P. C., 508; *Rex* v. *Thompson*, 1 Moody [British Crown] Cases, 78; *Rex* v. *Cherry*, 1 Leach [Crown Cases], 236; 2 East P. C., 556; 1 Hale P. C., 508; *Rex* v. *Walsh*, 1 Moody [British Crown] Cases, 14; Sess. Laws 1862, chap. 574.)

*A. S. Sullivan* for the defendants in error. The least removing of the property from the place where it was before,

with an intent to steal it, is a sufficient asportation, though it be not quite carried away. (2 Russ. on Crimes, 4; 1 Hawk. P. C. C., 33, § 25; *Walsh Case*, 1 Moody [Crown Cases], 14.)

Folger, J. The plaintiff in error was indicted for simple larceny. The jury, having found him guilty, have fixed upon him the felonious intent. The questions raised in this court, are presented by an exception to a refusal of the court, to charge the jury that they could not convict of any other offence upon the testimony, than an attempt to commit larceny; and an exception to the charge delivered to the jury, that the removal of the property from where it was deposited was a sufficient carrying away to constitute larceny if it was of a felonious character.

Had the coat of the witness Bull, with the pocket-book in it, been off his back, hanging on a hook, the act of the plaintiff in error with felonious intent would, beyond question, have been larceny. Thus, in one case the prisoner, sitting on a coach-box, took hold of the upper part of a bag which was in the front boot, and lifted it up from the bottom of the boot on which it rested. He handed the upper part of the bag to a person who stood beside the wheel, and, both holding it, endeavored to pull it out, but were prevented by the guard. The prisoner being found guilty, the judges, on a case reserved, were of opinion that the conviction was right, thinking that there was a complete *asportavit* of the bag. (*Walsh's Case*, 1 Moody Crown Cases, 14.) And in 2 Russell on Crimes, 153 (margin 6, 4th ed., Lon.), this case purports to be cited from the MS. of Bayley, J.; and in the foot note (*i*) the text is said to correspond accurately with that of the MS.; and it is there said: "That if every part of the thing is removed from the space which that part occupied, though the whole thing is not removed from the whole space which the whole thing occupied, the asportation will be sufficient; so, drawing a sword partly out of its scabbard will constitute a complete *asportavit.*"

Here, by the testimony, the pocket-book was lifted a space

of three inches from the bottom of the pocket, and every part of it was removed from the space which that part occupied before the plaintiff in error touched it.

But it is claimed that the article being on the person of Bull, and in his actual possession, there is thereby a difference; and that there must be a severance of the goods from that possession. And *Rex.* v. *Thompson* (1 Moody Crown Cases, 78) is cited.. The prisoner was there indicted for stealing *from the person* a pocket-book and contents. The book was in an inside front pocket of the owner's coat. The book was just lifted out of the pocket, an inch above the top of the pocket. By the forcible act of the owner the hand of the prisoner was brushed away, and the book fell back into the pocket. The prisoner was convicted and had the sentence for that offence. It was insisted that this did not amount to a taking from the person. Six of the ten judges who sat in review held that the prisoner was not rightly convicted of stealing from the person, because, from first to last, the book remained about the person of the prosecutor. Four of the judges were of the contrary opinion. But the ten were of one mind that the *simple larceny* was complete, and recommended a reduction of the sentence. A distinction, it seems, was taken between stealing from the person and a simple larceny; and all that the case holds to the benefit of this plaintiff in error is that such an act is not a stealing from the person. As above stated, he is not indicted for stealing from the person, but for feloniously stealing, taking and carrying away this property against the form of statute in such case made and provided. (2 R. S., p. 679, § 63.) And the judgment of the court, sentencing him to State prison for a term of five years, is in accord with the statute as to the punishment for the offence for which he was indicted.

Moreover, in *Regina* v. *Simpson* (Dearsly Crown Cases, 421), which was a case of stealing from the person, JERVIS, C. J., questioned the case of *Rex* v. *Thompson* (*supra*), saying that he thought that the minority of the judges there were right; but that the majority might have thought that

the outer coat which covered the pocket formed a protection to the pocket-book. And ALDERSON, B., said there must be a removal of the property from the person; but a hair's breadth will do. *Regina* v. *Simpson* (*supra*) was larceny of a watch. The owner carried it in his waistcoat pocket, with one end of a chain attached to it, and the other end through a button-hole of the waistcoat, and there kept by a watch-key. The prisoner took the watch out of the pocket and forcibly drew the chain through the button-hole. His hand was then seized by the owner's wife; and it appeared that the point of the key had caught on the button of another hole, and was thereby suspended. It was contended that the prisoner was guilty of an attempt only. But the court thought that, as the chain had been removed from the button-hole, the felony was complete. The watch was temporarily, though for a moment, in his possession, it was said. Like this was *Lapier's Case* (1 Leach Crown Cases, 320), who, snatching at a diamond ear-ring in a lady's ear, it was torn therefrom, but was found caught in the curls of her hair. He was found guilty of robbery from the person, for the ear-ring was in his possession for a moment, separate from the lady's person. And in *Commonwealth* v. *Luckis* (99 Mass., 431), which was an indictment for an attempt to steal from the person, the prisoner asked an acquittal on the ground that the larceny was complete, and so she could not be convicted of an attempt only. She was seen by a police officer with her hand in the pocket of another. He seized her wrist while her hand was there. She threw up her arm and tore the dress, so that the pocket and pocket-book fell to the ground. There was no evidence that her hand was on the book. The judge charged that if she was arrested in her attempt before her hand reached or disturbed the book, she might be convicted of an attempt; but if her hand had reached or seized the pocket-book, and she altered the position of it in the attempt to secure or retain it, this would be such a caption or asportation as would acquit the defendant; and she was convicted. On exceptions taken to the charge, the court above held:

That to justify a conviction, it was necessary to show that she failed in the perpetration of the offence of stealing from the person, which could be complete only when the property was in her full custody or control. It was not indeed, the court said, necessary that the pocket-book should be removed from the pocket, if once within the grasp of the thief, to constitute larceny. But the prisoner must, for an instant, have had perfect control of the property.

To constitute the offence of larceny, there must be a taking or severance of the goods from the possession of the owner. (2 Russ. on Crimes, p. 152, margin 6.) But possession, so far as this offence is concerned, is the having or holding or detention of property in one's power or command. It is the sole control of the property, or of some physical attachment to it; as in the *Case of Wilkinson* (1 Leach, 321, note *a*), where one had his keys tied to the strings of his purse in his pocket, which the prisoner attempted to take, and had the purse in his hand, but the strings of the purse still held to the pocket by means of the keys. This was held to be no asportation; for the purse could not be said to be carried away, as it still remained fastened to the place where it was before. And so, where goods in a shop were tied by a string to a counter, a thief took up the goods and carried them to the door, as far as the string would let him, and was there stopped. This was held no felony. (2 East Crown Law, 556.) Here was an actual, physical connection of the goods to the person or to the other property of the owner; and the complete carrying away was thwarted, not by the animate, forcible act of the owner taking back that which had for the instant passed from his control, but by the inanimate, self-acting detention of that which held it to the person or to the realty. That needed first to be severed before there could be a carrying away. (And see *Philips' Case*, 4 City Hall Recorder, 177.)

In *Rex* v. *Thompson* (*supra*), however, and in *Luckis' Case* (*supra*), as put in the charge and in the opinion, by the raising of the book out of the pocket of the owner, or by the

grasp and movement of it in the pocket, the owner was held to have lost that control of it which is possession; so that the felonious act of larceny was complete. There was no fastening there to be severed. It needed forcible action by him to retake it. Mere quiescence would not do it. Without that action, with the book in the grasp of the thief possessing it, controlling it and carrying it away, it would have been beyond recaption by him. So in the case here. The hand of the plaintiff in error was about the book, controlling it and taking it away; indeed, had taken it away (as in *Walsh's Case, supra*), every part of it, from the space which that part had occupied before his touch. It was in his possession. He directed, and, for the instant of time, controlled its movements. No inanimate, physical thing hindered him. Bull, for that instant of time, did not control or possess it; but, feeling him raising the book, threw up his own hand, pressed the book, caught it as it was going, and regained control and possession of it. But for this action it would have been taken entirely away. Who then, for that instant, controlled it and had it in possession?

There is no essential distinction in the cases. In *Rex* v. *Thompson* (*supra*) and in this case, as in the cases of the watch and of the ear-ring, there was a temporary possession by the larcenor, though but momentary.

There was a sufficient *asportavit*.

The judgment of courts below should be affirmed.

All concur.

Judgment affirmed.