## ELLIS v. LINDLEY.

1. **Slander:** REPETITION: DAMAGES. Evidence of a repetition of the words charged as slanderous is not admissible to aggravate the damages.

2. ———: JUSTIFICATION: DEGREE OF EVIDENCE. It takes the same degree of evidence to fully support the plea of justification, that it would to convict on an indictment for perjury.

*Appeal from Mahaska District Court.*

FRIDAY, JUNE 12.

ACTION for slander. In a former action by this plaintiff, Levi Ellis, against A. J. Lindley, B. F. Lindley, this defendant and another, the plaintiff herein testified as a witness. The case was decided at October Term, 1873, Dubuque. The petition in this case is in three counts and sets out in each that the defendant uttered of and concerning the plaintiff and his testimony in that action, that he swore to a lie. The defendant, for answer, pleaded a general denial and a justification; he also set up a cross action in slander, for that the plaintiff uttered of and concerning the defendant and his testimony in that case, that he swore to a lie. The plaintiff made reply in denial and also set up three paragraphs of mitigating circumstances, growing out of the alleged wrongs to plaintiff in that suit. Trial to a jury; verdict and judgment for plaintiff for $500. The defendant appeals.

*Seevers & Cutts*, and *Jno. F. Lacey*, for appellant.

*Crookham & Gleason*, for appellee.

COLE, J.—I. The court instructed the jury, among others, as follows: "16. If defendant has deliberately and repeat-edly made the charge against plaintiff, of swearing falsely, and it is not true, and you are satisfied it was done maliciously, you should consider this in aggravation of damages." This was error. It was expressly said by this court in *Beardsley v. Bridgman*, 17 Iowa,

<div style="margin-left:2em">1. SLANDER: repetition. damages.</div>

290; that such evidence "is not admissible to bear upon or to aggravate the damages." The authorities seem to be almost uniform upon this question; see those cited in the case just quoted. In *Forbes v. Myers*, 8 Blackf., 74, an instruction that "if the defendant repeated the charges at various times, it would be a circumstance the jury might take into consideration as proof of malice and aggravation of damages," was held erroneous. In this case it appears from the evidence that the defendant repeated the charge against the plaintiff of swearing falsely, both before and after the action was brought.

II. The court also instructed the jury that "it takes the same degree and certainty in the evidence to fully support the 2. JUSTIFICA- plea of justification, that it would to convict on TION: degree of evidence. indictment for perjury." This rule has been heretofore expressly approved by this court. See *Fountain v. West*, 23 Iowa, 9, and cases there cited. We cannot overturn this rule, in the face of our previous decisions and the weight of the authorities in support of it.

Other questions are made upon the action of the court in refusing to exclude certain evidence introduced by the plaintiff, on the ground that the defendant, had, since its introduction, abandoned in part his plea of justification, and withdrawn portions of his testimony upon that branch of his defense. But since the judgment must be reversed for the error first above adjudged, and since, by reason of the change of the issues, the same questions cannot again occur, it is unnecessary for us to review these other questions.

REVERSED.