## GEORGIA v. KEPFORD.

1. **Damages**: WHEN RECOVERABLE.  Damages are recoverable only when they are the proximate consequence of the act complained of, and not when they are the secondary results thereof, either alone or in combination with other circumstances.

2. ———: ———: SLANDER.  An action for divorce on the ground of inhuman treatment, alleged to have been occasioned by a charge of larceny and adultery against the husband, cannot be made the basis of an action for damages.

3. ———: ———: ———.  Desertion of the husband by the wife in consequence of the publication of a charge against him of larceny and adultery is not such a natural and proximate consequence of the slander as to entitle him to special damages therefor.

4. ———: ———: ———.  *Semble*, that if the charge had been made for the purpose of inducing the desertion, special damages would have been recoverable therefor.

5. **Slander**: WORDS ACTIONABLE PER SE.  Words imputing to a married man a want of chastity are actionable *per se*.

6. ———: LARCENY. . The charge of larceny is substantiated by proof that one unlawfully appropriated the property of another, even though he afterward voluntarily surrendered it.

7. ———: CONFESSION: EVIDENCE.  A confession of guilt by one who has been charged with a crime will not, in an action of slander, warrant the jury in finding, in justification of the charge, that the plaintiff had been guilty of the crime.

*Appeal from Keokuk Circuit Court.*

FRIDAY, DECEMBER 8.

THIS is an action to recover damages on account of alleged slanderous words spoken by defendant, in effect imputing to plaintiff the crimes of larceny and adultery.

The first count of the petition alleges no special damages. The second count alleges that plaintiff was, at the time of speaking the words charged, a married man; that said words were spoken by defendant maliciously to slander plaintiff, and to cause his wife to leave him; that in consequence of so speaking said words plaintiff's wife soon thereafter did abandon him, refused to live with him, and commenced an action of divorce, whereby this plaintiff was to great expense in defending the same, all to his damage in the sum of $5,000.

The defendant for answer pleads: A general denial; a justification, admitting the speaking the words, and averring the same to be true; in mitigation, alleging defendant had heard plaintiff admit the adultery and larceny, and believing he told the truth, spoke the words without malice.

Plaintiff in reply filed a general denial.

There was a jury trial, and a verdict and judgment for plaintiff for $500. Defendant appeals.

*Woodin & McJunkin*, for appellant.

*Harned & Fonda*, for appellee.

DAY, J.—I. On the trial of the cause the plaintiff introduced evidence tending to prove the speaking by defendant of the words charged in the petition, and that in consequence thereof the wife of plaintiff abandoned him, and thereafter began an action for divorce against him on the ground of inhuman treatment.

1. DAMAGES: when recoverable.

The plaintiff was sworn in his own behalf, and was asked the following question: " State what expense, if any, you were to in looking after and defending the divorce suit brought against you by your wife."

The defendant objected to this question on the ground that the damage sought to be proved was too remote. The objection was overruled, and plaintiff answered that he spent thirty days time, worth two and one-half dollars per day, and paid his attorneys twenty-five dollars. The admission of this testimony is assigned as error.

The testimony, we think, was improperly admitted. Dam-

age to be recoverable must be the proximate consequence of the act complained of; it must be the consequence that follows the act, and not the secondary result from the first consequence, either alone or in combination with other circumstances. *Dubuque Wood & Coal Association v. The City of Dubuque*, 30 Iowa, 176.

An action for divorce on the ground of inhuman treatment is not the proximate consequence of a charge of larceny or adultery.

II. It is claimed that the court erred in charging that the jury might give special damages for the wife's desertion, if caused by the speaking of the slanderous words alleged.

3. —— : —— : slander.

General damages are such as the law implies or presumes to have accrued from the wrong complained of. Special damages are such as really took place, but are not implied by law; and are either superadded to general damages, arising from an act injurious in itself, as where some particular loss arises from the uttering of slanderous words actionable in themselves, or are such as arise from an act indifferent and not actionable in itself, but injurious only in its consequences, as where words become actionable only by reason of special damage ensuing. Chitty on Pleading, Vol. 1, p. 458, quoted in Sedgwick on Damages, sixth edition, p. 732. But damages, both general and special, must be the natural and proximate, though not the necessary, consequence of the act complained of. Sedgwick on Measure of Damages, p. 66; *Beach v. Ranney*, 2 Hill, 309 (314). A man is not responsible for all the remote and possible consequences which may result from his act, although he may be a wrong-doer. *Beach v. Ranney, supra.*

Now, whilst desertion by the wife of a husband against whom simply a slanderous charge of larceny and adultery had been preferred, might, in exceptional cases, follow, as a consequence of the charge, yet we think that such a result is not the natural and proximate consequence. A rule of law must not be adduced from what might follow in exceptional cases, and with peculiar temperaments, under particular circumstances, but from what is likely to follow under ordinary cir-

cumstances.   A very suspicious or a very credulous woman
might desert her husband upon the first slanderous report
against him.   But the question is not what a very credulous
or a very suspicious woman might do, but what would an
ordinary woman naturally do?   Guided by these principles,
we have no hesitancy in holding that, whilst in this particular
case the plaintiff's wife may have abandoned him because of
defendant's slander, yet such desertion was not the natural and
proximate consequence of the slander.

The petition alleges that the defendant spoke the slanderous
words for the purpose of causing plaintiff's wife to leave him.
**4. ——: ——:** If this had been proved, and the instruction had
**——.** been based upon the existence of such proof, it
would not, probably, have been erroneous.   For a party ought
not to be permitted to complain that he has been held respon-
sible for results which he sought to accomplish.   But there
does not seem to have been any proof that the words were
spoken for this purpose; nor does the instruction refer to such
purpose as an element necessary to recovery.

III.   Appellant assigns as error the action of the court in
charging that words imputing to plaintiff a want of chastity
**5. SLANDER:** are actionable *per se*.   The plaintiff alleges, and
**words action-**
**able per se.'** as we have not the evidence in the record, we
must presume he proved, that he was, at the time of speak-
ing the words, a married man.

The petition alleges that defendant charged plaintiff with
being a whore-master, and that he was whoring around Mil-
lersburg.   Plaintiff being a married man, these words imputed
to him the crime of adultery, and they are actionable *per se*.

IV.   The court instructed as follows: "Under the defense
of justification the defendant has introduced evidence tend-
**6. ——: lar-** ing to show that at one time, many years ago,
**ceny.** while plaintiff and defendant were traveling
through the county, the plaintiff caught a pig, the property
of another, and avowed his intention of appropriating it to
his own use.   If you believe from the evidence that plaintiff
did catch the pig with the intention to appropriate it to his
own use, yet as he did not so appropriate it, but let it go,

you are instructed that such act did not constitute the crime of larceny, nor was it stealing."

This instruction is erroneous in that it charges that a fact existed; but whether defendant was at all prejudiced by this charge we have no means of determining, for the evidence is not in the record.

The instruction, however, is, we think, otherwise erroneous. If the plaintiff took the pig into his possession with the intention of appropriating it to his own use, he was guilty of the crime of larceny, although he afterward let it go. *Harrison v. The People*, 50 N. Y., 518; *Commonwealth v. Tuckis*, 99 Mass., 431. The fact that plaintiff let the pig go was a proper consideration for the jury in determining the intent with which he took it into his possession.

V. The court instructed as follows: "The confession of plaintiff alone, if he was on trial for the crime of adultery, unless made in open court, would not warrant a conviction unless accompanied with other proof that the offense was committed; and evidence alone of plaintiff's admission out of court to the effect that he had committed adultery or larceny would not be sufficient to justify you in finding that the plaintiff was guilty of such crimes." Section 4427 of the Code, 4806 of the Revision, provides that " the confession of the defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that the offense was committed."

7. ——: con-fession : evidence.

In *Forshee v. Abrams*, 2 Iowa, 571 (579), it was held that if a defendant imputes a crime, and justifies in his defense, he must, in order to sustain his plea, adduce such evidence as would be required to convict the plaintiff if on his trial for the crime imputed to him. The same doctrine was held in *Fountain v. West*, 23 Iowa, 9; and in *Ellis v. Lindley*, 38 Iowa, 461. It is claimed, however, that these decisions refer to the *quantum* and not to the kind of proof. This may be admitted. Section 4427 refers to the *quantum* of proof. It does not make the confession of the defendant inadmissible as evidence, but declares that alone it shall not be sufficient in quantity to warrant a conviction. If the confession of the

accused alone does not warrant his conviction when accused of a crime, under the foregoing decisions such confession will not, in an action of slander, in which the defendant justifies an imputation of a crime, warrant the jury in finding that the plaintiff has committed the crime charged. There is no error in this instruction.

For the errors above considered the judgment is

REVERSED.