STATE OF OHIO v. WILLIAM JACKSON.*

Decided, September, 1915.

*Criminal Law—Attempt to Pick a Pocket Not Ground for Criminal Prosecution—Where the Attempt Failed.*

Where a defendant stealthily removes a watch from another's pocket, which watch is attached to the end of a chain, the chain being fastened to the owner's coat, and the defendant is arrested before he has gotten possession of the watch, he is not guilty of pocket picking. He can not be convicted for attempting to pick pockets because there is no such statutory crime in Ohio.

*Simon Ross*, Assistant Prosecuting Attorney, for state.
*A. Lee Beaty*, contra.

MAY, J.

The defendant was indicted on two counts, the first for robbing one Arthur Haley of a gold watch. The second count charged the defendant with assault with intent to commit robbery.

The state proved the following facts:

Haley was stretched out on a park bench; a gold watch attached to a chain was in his coat pocket; the chain was fastened in a button-hole of his coat; the defendant sat down next to Haley and stealthily removed the watch from the pocket, or to use the language of Haley, "just eased the watch out of his pocket," and pulled it over Haley's shoulder with his left hand; the chain remained attached to Haley's coat and as the defendant was putting his right hand in his own pocket he was arrested.

At the conclusion of the state's case, the defendant moved to direct a verdict of acquittal on the first count charging robbery.

*Motion for leave to file a bill of exceptions overruled by the Supreme Court, November 19, 1915, "for the reason that the exceptions to the judgment are not well taken."

With the consent of the prosecuting attorney this motion was granted, there being no evidence of violence or putting in fear.

The defendant then moved to direct a verdict of acquittal of the included charge of pocket picking for the reason that the watch was not taken from the person of Haley.

Section 12449 of the General Code reads as follows:

"Whoever, otherwise than by force and violence, or by putting in fear, steals and takes from the person of another anything of value, shall be imprisoned in the penitentiary not less than one year nor more than five years."

It is well settled that to constitute a larceny from the person "the article must be completely removed from the person and all connection with the person severed." *McClain on Criminal Law,* Section 575.

So, in picking pockets, the article, as in this case the watch, must have been, if but for a moment, removed from Haley's person and all connection with Haley severed.

Inasmuch as the watch was never severed from the chain, which at all times was attached to Haley's coat, the defendant would not be guilty of pocket picking, which is defined by the statute as stealing and taking away from the person of another anything of value.

The authorities in this state and elsewhere are to this effect.

In *Eckels* v. *State,* 20 Ohio St., 508, at page 513, the Supreme Court says:

"On the other hand, there is a class of cases, where the property taken is not entirely moved from the spot where it was placed by the owner, or where it is attached to some other thing not moved, or to the person of the owner. In this class of cases it has been held that there was no asportation, since there was no complete severance of the property from the possession of the owner. 2 East P. C., 556; 1 Hale P. C., 508."

And at page 514 the court says:

"It would seem, then, that the test as to the felonious asportation of property is not the fact that it has been taken out of the place of its deposit, but rests in the removal of the entire prop-

erty by the thief, however slight, while it is in his absolute possession.''

In the case of *State* v. *Whitten*, 82 Ohio St., 174, at page 181, the court cites with approval Section 557 of *McClain on Criminal Law* cited above.

In 2 East P. C., 556, Wilkinson's case is cited:

''One had his keys tied to the strings of his purse, in his pocket, which Elizabeth Wilkinson attempted to take from him and was detected with the purse in her hand, but the strings of the purse still hung to the owner's pocket by means of the keys. This was ruled to be no asportation. The purse could not be said to be carried away for it still remained fastened to the place where it was before.''

All the leading cases on this question are collected and commented upon by a very exhaustive opinion of Folger, J., in the case of *Harrison* v. *The People*, 50 N. Y., 518. See also, *2 Wharton's Criminal Law*, Section 1385; *Stephen's Digest Criminal Law*, Art. 309.

Inasmuch as there is no such crime in this state as an attempt to pick pockets, and as the offense of picking pockets was not completed, the watch not having been taken from Haley's pocket, the defendant's motion for an acquittal of this charge is granted. The state's exceptions are noted.

The defendant's motion for a directed verdict on the second count of assault with intent to rob is overruled.