Commonwealth *vs.* Robert P. McCarthy.

Hampden.    November 2, 1971. — December 7, 1971.

Present: Tauro, C.J., Reardon, Quirico, Braucher, & Hennessey, JJ.

*Robbery.  Evidence,* Other offence.

At the trial of an indictment charging the defendant with armed
    robbery of a gasoline station attendant, evidence that the
    defendant, who had been refused credit by the victim, displayed a
    gun and fired it at a target, told the victim how he killed people for
    a living, and said he would think nothing of shooting the victim
    "and taking all the money," that the victim gave the defendant a
    full tank of gasoline and $10 because he was "frightened" and
    "scared," and that the victim was "shaking" and "stuttering" when
    police arrived warranted findings that the defendant intentionally
    put the victim in fear for the purpose of stealing property, that the
    victim gave him the gasoline and money because of fear, and that
    the defendant was guilty. |567-568|
Where the defendant in a criminal case admitted on direct
    examination having taken a gun from another's house without
    permission, a question asked the defendant on cross-examination,
    whether he "stole the gun" merely sought reaffirmation of his
    earlier testimony and was not improper. |568-569|

Indictments found and returned in the Superior Court
on January 6, 1971.

The cases were heard by *Noonan,* J.

The cases were submitted on briefs.

*Reuben Goodman & Robert V. Greco* for the defendant.

*Matthew J. Ryan, Jr.,* District Attorney, *& Leonard E.
Gibbons,* Assistant District Attorney for the Common-
wealth.

Hennessey, J.    At a jury waived trial, McCarthy was
found guilty on indictments charging him with armed
robbery and unlawful carrying of a loaded firearm.    He
appeals under G. L. c. 278, §§ 33A–33G.    The assignments
of error which were argued relate to the sufficiency of the
evidence to sustain a finding of guilt on the armed robbery

indictment and to a certain question addressed to McCarthy which he contends was improper and prejudicial.

The evidence on the issue of guilt is here set forth. On the evening of November 10, 1970, John Conboy was working at his father's gasoline station in West Springfield. In the early evening, McCarthy drove into the station and parked his car next to the gasoline pump. McCarthy asked for credit and was refused, whereupon he offered Conboy his jacket for some gasoline. Conboy again refused. At this point, McCarthy got out of his car and opened his jacket revealing a gun in a holster over his shoulder. The two men then walked into the office where McCarthy attempted to sell the gun to Conboy. Conboy testified that he was "scared" and offered McCarthy $20 "just to get the gun." To demonstrate the gun, McCarthy then fired it four times at a target outside the office. After the shots were fired, the two men went back inside where McCarthy "started to tell . . . [Conboy] how he kills people for a living." McCarthy also said that "[h]e wouldn't think anything of taking . . . [Conboy] out back and shooting . . . [him] and taking all the money." McCarthy said all he wanted was a "tank full of gas and a few dollars." During their conversation, another car drove into the station. Conboy went out to service it and McCarthy remained inside. Conboy told the driver, "There's a guy inside with a gun. He wants something." He told the driver to call the police. Thereafter, Conboy gave McCarthy a full tank of gasoline and $10 because he was "frightened" and "scared." McCarthy did not give either the jacket or the gun to Conboy. When the police officer arrived, he found that Conboy was "really frightened and nervous" and that he was "shaking" and "stuttering."

1. In *Commonwealth* v. *Novicki*, 324 Mass. 461, this court restated the rule set out in *Commonwealth* v. *Weiner*, 255 Mass. 506, 509: "The essence of robbery is the exertion of force, actual or constructive, against another in order to take personal property of any value whatsoever, with the intention of stealing it, from the protection which the per-

son of that other affords." We have also held that it is not necessary to show the use of a dangerous weapon in proving the offence. "The gist of the offence is being armed, not the use of the weapon." *Commonwealth* v. *Nickologines,* 322 Mass. 274, 277. Based upon the evidence presented in this case, the judge was warranted in concluding that Conboy gave the gasoline and the money to McCarthy solely because he, Conboy, was put in fear by the defendant's possession of a gun and the defendant's demonstration and statements as to how he could use it. Further, the evidence warranted the conclusion that McCarthy intentionally put Conboy in fear for the purpose of stealing his property. That being so, all the elements of the crime of armed robbery were made out. Other evidence before the judge, principally arising from McCarthy's own testimony, which tended to show that McCarthy did not intend to steal from Conboy or put him in fear, need not have been accepted by the judge as true. Obviously, he did not accept it as true. "[W]here competent evidence has been introduced in support of all the material allegations of an indictment, the weight and sufficiency of such evidence are ordinarily for the jury . . . ." *Commonwealth* v. *Hollis,* 170 Mass. 433, 436. The rule is no different where, as in this case, the judge is the trier of fact.

2. The second assignment concerns a question addressed to the defendant on cross-examination regarding the origin of the gun used in the robbery. McCarthy testified that he had been visiting his daughter's godfather's house in Vermont and had taken the gun and holster from the house when he left. The question to which the defendant objected was, "But you do know this, that you stole the gun; didn't you?" He answered that he borrowed the gun. He argues that the question was improper and prejudicial in that it referred to a crime other than those for which the defendant was being tried. We do not agree.

Initially, we observe from the record that on direct examination the defendant admitted having taken the gun

from his daughter's godfather's house without permission. Although he stated that he did not need permission, the judge was not required to believe his testimony and could have permissibly inferred that he stole the gun. Seen in this context, the question merely sought a reaffirmation of the defendant's earlier testimony.[1]

*Judgments affirmed.*

---

[1] We do not reach the Commonwealth's further argument that evidence otherwise admissible does not cease to be so because it happens to show the commission of an independent crime. *Commonwealth* v. *Green*, 302 Mass. 547, 552.