COMMONWEALTH *vs.* DENNIS FLOWERS & others.

Suffolk.  April 13, 1973. — July 20, 1973.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Search and Seizure.  Practice, Criminal,* Appeal; Exceptions: failure to save exception. *Robbery.  Joint Enterprise.*

Police officers in an apartment, who were told by the victim of certain alleged crimes that five armed men had beaten him, were justified, after arresting four of the men, in searching the entire apartment for the other man, and in seizing during the search a rifle and ammunition in plain view. [416-418]

In the absence of a substantial risk of a miscarriage of justice, this court on appeal in a criminal case tried under G. L. c. 278, §§ 33A-33G, did not consider an assignment of error not based on an objection or exception. [418]

Evidence at a trial for armed robbery that the victim at the order of the defendant, who was armed, emptied his pockets of money and a chain with rings onto a table and that such items were not returned to the victim warranted a finding of asportation of the items and a verdict of guilty. [418-419]

It was error to convict three defendants of a robbery committed by a fourth defendant during a kidnapping participated in by all four, where the three were not present at the time of the robbery in a room where it occurred and there was no evidence that they contemplated or were even aware of the robbery. [419]

INDICTMENTS found and returned in the Superior Court on April 15, 1971.

The cases were tried before *Roy, J.*

The cases were submitted on briefs.

*Klari Neuwelt* for the defendants.

*Paul V. Buckley,* Assistant District Attorney, for the Commonwealth.

ARMSTRONG, J.    These are appeals under the provisions of G. L. c. 278, §§ 33A-33G, from convictions of the defendants on four indictments which charged all four defendants (as well as a fifth man who was not tried with these defendants) with crimes against one Michael Allen. From Allen's testimony the jury could have found as follows:

At approximately 11:00 P.M. on April 12, 1971, Michael Allen, about to enter his own home, was intercepted and forced, at gunpoint, into a nearby automobile. Four of the five men in that car — Dennis Flowers, Roger Fernandez, Theodore Rose and Edward Weedon — are the defendants in this case. All were armed. They took Allen to Flowers' apartment. There he was questioned at length about some stereo equipment and weapons alleged to be missing from the Flowers apartment. At some time he was forced to empty his pockets, was tied to a chair, and was beaten. He was struck in the mouth with the butt of a handgun, causing his mouth to become bloody and his teeth to be pushed back. His life was threatened.

The men continued to question Allen, and he continued to deny that he knew anything about Flowers' missing property. He claimed that certain friends could corroborate his story. The defendants then took him, still bound, for a ride to the Blue Hills. He was allowed to call one of these friends from a public telephone booth. They stopped at the house of another, but that friend was not home. They returned to the apartment, where Allen was again questioned and beaten further. The defendants then filled the bathtub with water, threatening to electrocute him. He was forced to take his shoes and socks off and get into the tub. Flowers proceeded to take an extension cord which had been stripped at one end, and plug the other end into a socket. At this time, Allen's brother came to the door of the apartment looking for Allen. From an apartment window

the victim and the defendants could see Allen's brother's car and a police car. One man (the one indicted but not a defendant in this trial) left the apartment through the back door with the defendants' weapons. The defendants then let Michael Allen leave the apartment, after warning him that they would kill him if he talked to the police.

From the testimony of other witnesses, who corroborated various aspects of Allen's testimony, it appears that Allen's release occurred at some time after 3:00 A.M. on April 13.

On Indictment No. 56253, charging assault with intent to murder, the defendants were each found guilty of simple assault. The indictment was placed on file. On Indictment No. 56254, charging kidnapping, the defendants were found guilty and sentenced to a term of eight to ten years in prison. They were also found guilty of armed robbery, on Indictment No. 56255, and sentenced to a term of five to fifteen years. On count one of Indictment No. 56256, charging assault and battery with a dangerous weapon — a handgun — a guilty verdict was returned as to all four; and they were given five to ten year sentences. The defendants were found not guilty on counts two and five of this indictment, charging assault and battery with a rifle and a shoe, respectively. They were found guilty of simple assault on counts three and four of Indictment No. 56256, which charged assault and battery with an electric cord and a piece of wood, respectively. These counts were placed on file. All sentences were to be served concurrently.

The first assignment of error presented by the defendants centers upon the admission in evidence, after voir dire, of a rifle, three shotgun shells, a loaded ammunition clip, and an empty handgun holster and belt with ammunition. These items were found by the police in the Flowers apartment. Although the four defendants were in custody at the time of the search and seizure, the police had been told by Michael Allen that there had been five men involved, all armed. The police officers were justified in believing that it was imperative to their safety that the entire apartment be searched for this man. The items seized were in plain view, and appear to have been found

inadvertently. They were correctly admitted in evidence. *Warden* v. *Hayden,* 387 U. S. 294, 298-299 (1967). *Coolidge* v. *New Hampshire,* 403 U. S. 443, 464-468 (1971). *Commonwealth* v. *Spikes,* 360 Mass. 441 (1971). *Commonwealth* v. *Rand,* 363 Mass. 554, 556-559 (1973).

The next assignment argued relates to a series of questions put to the defendant Weedon, while on the witness stand, by the trial judge. The judge questioned Weedon as to the inferences and conclusions that Weedon drew from certain things which he testified he saw. However, we need not consider the merits of this argument, as there were no proper objections made or exceptions saved as a basis for this assignment of error, and we do not feel that the defendants were in any way prejudiced or otherwise subjected to any substantial risk of miscarriage of justice thereby. *Commonwealth* v. *Concepcion,* 362 Mass. 653 (1972).

The remaining assignment of error is addressed to the trial judge's refusal to direct verdicts of not guilty on the armed robbery indictment. When Allen was first brought to Flowers' apartment he was taken to the kitchen. There, prior to being tied, he was ordered to empty his pockets by the defendant Flowers. Allen emptied them onto the table as he was directed. There were four dollars, some change and a chain with some rings on it. The other defendants, Weedon, Rose and Fernandez, were not in the room at the time, nor does it anywhere appear that they knew of this particular incident. There was no evidence that anyone actually took the money and chain from the table where they were placed, but they were not returned to Allen when he left the apartment.

The defendants argue that the Commonwealth failed to prove that an asportation, or carrying away, of Michael Allen's property took place. We disagree. A carrying away, or removal, by the robber is not required to establish an asportation; an asportation has taken place when the robber transfers money or goods from the victim's control to his own. *Commonwealth* v. *Luckis,* 99 Mass. 431 (1868). It

is immaterial whether the transfer is done by the robber himself or by another person, even by the victim, acting at the robber's direction. See, *e.g., Commonwealth* v. *Homer,* 235 Mass. 526, 533-534 (1920); *Commonwealth* v. *McCarthy,* 360 Mass. 566, 567-568 (1971). There was sufficient evidence in the present case to warrant the inference that such a transfer took place. It follows that Flowers' conviction for armed robbery must be affirmed.

Allen's testimony, however, indicates that Rose, Weedon and Fernandez were not present in the room at the time of the robbery. There is no other evidence connecting them with the incident. While there was ample evidence of a joint enterprise among the defendants to kidnap, threaten and terrorize Michael Allen, there is no evidence that this common endeavor was meant to include robbing the victim. "[M]ere presence at the commission of the wrongful act and even failure to take affirmative steps to prevent it do not render a person liable as a participant." *Commonwealth* v. *Benders,* 361 Mass. 704, 708 (1972). *Commonwealth* v. *Clark,* 363 Mass. 467, 473 (1973). There is nothing to indicate that these three defendants contemplated armed robbery in aid of their common plan. They themselves took no action from which the requisite intent might be inferred. There is no evidence that they were even aware that any of Michael Allen's property was taken. The armed robbery convictions of Weedon, Rose and Fernandez must be reversed.

The convictions under Indictment No. 56253 and counts three and four of Indictment No. 56256 are not before us, as no sentences were imposed. *Commonwealth* v. *Locke,* 338 Mass. 682, 684 (1959). *Commonwealth* v. *Subilosky,* 352 Mass. 153, 165 (1967).

The judgments against the defendants Weedon, Rose and Fernandez on Indictment No. 56255 are reversed, the verdicts against the said defendants thereon are set aside, and judgments are ordered for the said defendants thereon. The judgments against the defendant Flowers on Indictment No. 56255, against all the defendants on In-

dictment No. 56254, and against all the defendants on count one of Indictment No. 56256, are affirmed.

*So ordered.*