COMMONWEALTH *vs.* WALTER E. BRADLEY. March 19, 1974. The only error assigned by the defendant (G. L. c. 278, § 33D) in connection with his conviction of armed robbery (G. L. c. 265, § 17) is the denial of his motion for a directed verdict of not guilty presented at the close of all the evidence; the only argument is that the evidence was insufficient to warrant a finding that there had been an asportation or a transfer of any object from the control of the victim to that of the defendant. The testimony of the victim (the evidence most

favorable to the Commonwealth) is summarized: The defendant and his companion entered the victim's store at a time when the victim's wallet, containing about $25, was in his "rear righthand" pocket. Following a brief conversation between the victim and the defendant, the latter and his companion jumped on the victim and threw him over a table and onto the floor in a facedown position. While lying in that position the victim was underneath the defendant; the victim felt the defendant and his companion punching him, searching his pockets and "fishing through" him; he looked up and observed a knife flashing. The assault was almost immediately broken up by an off-duty police officer who arrested the defendant and his companion. When the victim got to his feet he saw his wallet on the floor. We are of the opinion that on that evidence the jury was warranted in finding that there had been at least a momentary transfer from the victim to the defendant of control over the victim's wallet. Compare *Commonwealth* v. *Jones*, 362 Mass. 83, 85, 90 (1972); *Commonwealth* v. *Flowers*, 1 Mass. App. Ct. 415, 418-419 (1973). Although the force of the victim's testimony was somewhat diminished on cross-examination, its weight was for the jury. *Commonwealth* v. *McCarthy*, 360 Mass. 566, 567-568 (1971).

*Judgment affirmed.*

The case was submitted on briefs.

*Daniel F. Toomey* for the defendant.

*Richard A. Hannaway*, Assistant District Attorney, for the Commonwealth.