Chief Judge Breitel (dissenting).
I dissent and vote to reverse and order a new trial because defendant was entitled to his requested charge that on the evidence the jury could conclude that only an attempt rather than a consummated larceny had been committed.
There is no significant disagreement in the court whether the jury was properly instructed on the issue of a completed larceny, if there had been a movement of the vehicle for which there was available evidence. There was, indeed, ample evidence to establish movement of the vehicle by defendant. The only issue which divides the court is whether the jury could be instructed, as it was, that no movement was required to establish a completed larceny.
Disregarded by the majority is that the 1967 statute under which defendant was tried and convicted is in its operative language substantively identical with the predecessor statute (compare Penal Law, § 155.05, subd. 1 with former Penal Law, § 1290). Moreover, the law of this State has always been, and indeed, the unanimous Anglo-American view insofar as discoverable is, that some movement, albeit slight, is required *461 before a conviction for a completed larceny may be had (Harrison v. People, 50 N. Y. 518, 523-524; see Ann., Larceny — Asportation, 19 A. L. R 724, supplemented in 144 A. L. R. 1383; see, also, Rex. v. Coslet, 1 Leach 236 and Cherry’s case cited in the Coslet case, at n. 1).
A person may be. guilty of operating a motor vehicle while intoxicated although the vehicle was observed only as stationary (compare People v. Blake, 5 N Y 2d 118, 120 with People v. Marriott, 37 A D 2d 868, and Matter of Prudhomme v. Hults, 27 A D 2d 234, 236; see, also, Ann., Driving "While Drunk, 47 ALR 2d 570, and cases cited). Even if that principle be legally sound, it has no application to a larceny prosecution. The statutory proscription against persons operating a motor vehicle while intoxicated is directed at a different evil involving a lesser degree of turpitude and a special problem of proof hardly applicable to larceny. Moreover, an attempt to commit the crime of operating a motor vehicle while intoxicated most often would be inconceivable (cf. People v. Brown, 21 A D 2d 738).
Indeed, the majority helpfully cites automobile larceny cases, every one of which holds that movement of the automobile is necessary, and that possession with control, but without movement, constitutes only the attempt rather than the completed larceny (cf. Hale, Pleas of the Crown, 60-61, 64 [1678]; LaPave and Scott, Criminal Law, p. 632 [1972]). Hence, these authorities demonstrate that on the evidence in this case the jury could have found either an attempt or the completed crime. Consequently, defendant was entitled to the requested charge on attempt.
The evidence was equivocal whether the automobile had been moved at all from its parking place. Merely sitting in the driver’s seat, motor running, and with the lights on was not a taking of possession and control by defendant. This is not to say that the jury was not entitled to find on the other evidence of movement, if believed, that the completed larceny had occurred (see, generally, People v. Richette, 33 N Y 2d 42, 46-48).
In the concrete instance of automobile larceny it is particularly important to distinguish between seating one’s self in the driver’s seat, as children often do, and some child-like adults do, “ controlling ” the vehicle, and, whether when the acts extend no further than that, there has been a taking. It is not a close *462 legal question as the majority analysis would show, but is an inescapable issue of fact for any fact-finder, when considering the tinkering and dallying habits of human beings. A trespass or even an attempt there may be, on any view, but a larceny is another matter. As with the wallet in the Harrison case (supra), discussed in the majority opinion, control and possession to the exclusion of the owner is not shown without some movement, anymore than it could be shown in the shoplifter case if the alleged larcenist did no more than put his fist around a bauble. In short, asportation under the applicable statute is, inevitably because definitionally, an element of larceny, and it may not be analyzed away (in contrast see American Law Institute, Model Penal Code, art. 223, especially § 223.2; American Law Institute, Tentative Draft No. 1 [1953], Comment D, at pp. 65-66, including examples).
Judges Jones, Wachtler, Rabin and Stevens concur with Judge Gabrielli ; Chief Judge Breitel dissents and votes to reverse in a separate opinion in which Judge Jasen concurs.
Order affirmed.