COMMONWEALTH *vs.* JAMES C. TALBOT. July 25, 1977. The defendant was convicted on indictments charging armed robbery while masked, kidnapping, assault with intent to murder, and possession of a firearm with mutilated or removed identification numbers while in the commission of a felony. The trial and appeal were made subject to G. L. c. 278, §§ 33A-33G. 1. There was no error in the denial of the motion for a directed verdict on the kidnapping indictment. The act of holding the victim hostage for a period of time after the arrival of the police had interrupted the robbery was beyond those acts which were merely incidental to the commission of the robbery and warranted the verdict on the kidnapping charge. We thus do not decide whether confinement merely incidental to an act of armed robbery may also be the basis for a conviction on a charge of kidnapping. See *Kuklis* v. *Commonwealth,* 361 Mass. 302, 306-307 (1972). 2. Nor was there error in the denial of the motion for a directed verdict on the charge of armed robbery while masked. The asportation necessary to make out the charge of larceny, an element of the crime of robbery, could be found from the testimony of the victim that the defendant had forced him at gunpoint to hand over a sack containing drugs and an envelope containing

money. *Commonwealth* v. *Flowers,* 1 Mass. App. Ct. 415, 418-419 (1973). 3. Finally, there was no error in allowing a police officer to testify that he "observed that the serial number on the left hand side of the gun [the one used in the robbery] had been obliterated and removed." We regard the officer's testimony as simply descriptive of the gun and not an opinion on an ultimate issue in the case. See *Commonwealth* v. *MacDonald (No. 2)*, 368 Mass. 403, 410 (1975). We have called for and examined the gun, and we observe that the officer's description was accurate. The same conclusion was open to the jury, who also saw the gun.

*Judgments affirmed.*

*J. Russell Hodgdon* for the defendant.
*Thomas J. Barrett,* Assistant District Attorney, for the Commonwealth.