COMMONWEALTH *vs.* PETER H. STEPHENS. October 4, 1982. On appeal from his conviction for armed robbery, the defendant argues that the Commonwealth failed to prove the essential element of asportation. He contends that his conviction must be reversed and a new sentence imposed on a lesser offense of either attempted armed robbery or assault with intent to rob. See G. L. c. 278, § 12.

The Commonwealth introduced evidence to show that on the night of December 6, 1973, the defendant and his coventurer, one Louis Marchione, entered a drugstore in Malden. Marchione stood at the pharmacy counter at the rear of the store, waved a gun at the pharmacist, handed him a pillow case, and ordered him to fill it with drugs. The police were alerted to the robbery, and when they arrived at the store they heard Marchione tell the pharmacist, "Hurry up, fill up the bag, you mother, or I'll blow your brains out." The pharmacist was lying on the floor, filling the pillow case with pills, and Marchione had his gun pointed to the side of the pharmacist's head. The defendant claims that this evidence fails to show that control of the pills was transferred from the pharmacist to Marchione.

In *Commonwealth* v. *Flowers,* 1 Mass. App. Ct. 415, 418-419 (1973), we stated: "[A]n asportation has taken place when the robber transfers money or goods from the victim's control to his own. *Commonwealth* v. *Luckis,* 99 Mass. 431 (1868). It is immaterial whether the transfer is

done . . . by the victim, acting at the robber's direction. See, e.g., *Commonwealth* v. *Homer*, 235 Mass. 526, 533-534 (1920); *Commonwealth* v. *McCarthy*, 360 Mass. 566, 567-568 (1971)." It was not necessary for Marchione to take physical possession of the pills to complete the transfer and, hence, the robbery. See *People* v. *Martinez*, 274 Cal. App. 2d 170, 174 (1969) ("It is sufficient if [the robber] acquired dominion over [the property], though the distance of movement is very small and the property is moved by a person acting under the robber's control, including the victim"); *People* v. *McGuire*, 39 Mich. App. 308, 314 (1972) ("Any movement of goods, even if by the victim under the direction of defendant, armed with a dangerous weapon, constitutes asportation despite defendant never reducing the money to physical possession"). The jury reasonably could have concluded that when the pharmacist, at gun point, took the pills from their resting place and put them into the pillow case, he transferred control over them to Marchione.

*Judgment affirmed.*

*Margaret H. Van Deusen* for the defendant.

*Carmel A. J. Motherway*, Assistant District Attorney, for the Commonwealth.