OPINION OF THE COURT
Frederic S. Berman, J.
Can a defendant who places his hand in a woman’s handbag and starts to lift up a change purse be charged with grand larceny in the fourth degree when he never actually removes the change purse from the handbag? Or is the crime no more than an attempted grand larceny in the fourth degree?
That question became a central issue in the instant case *17 since the defendant, a predicate felony offender facing mandatory State jail time if convicted of grand larceny in the fourth degree, an E felony, could, on the other hand, receive a nonjail sentence if convicted of the lesser charge of attempted grand larceny in the fourth degree, an A misdemeanor.
The facts, elicited at a pretrial hearing, are as follows: Transit Police Officer Zachary Jackson testified that he observed the defendant while riding on the subway, unzip the handbag of the complaint, Victorine Joseph, place his hand inside her handbag, and begin to lift a red change purse. At that time, the complainant, grabbed her pocketbook, and pulled away from the defendant. The defendant moved to another car on the train and the complainant told the transit police that someone had tried to steal her purse. Minutes later the defendant was arrested.
The defense contends that, viewing the evidence even in the light most favorable to the People, the charge submitted to the jury should be one of attempted grand larceny in the fourth degree rather than grand larceny in the fourth degree.
Surprisingly, there is a paucity of case law on the subject. To find an appropriate authority on point, one must go back to the last century and seize upon the case of Harrison v People (50 NY 518), decided 118 years ago in 1872, and still relied upon today.
In Harrison (supra), the defendant, while riding on a streetcar, reached into the complainant’s coat pocket, grasped the complainant’s wallet, and lifted that wallet three inches from the bottom of the coat pocket, at which time the complainant seized the wallet and thrust it back into his coat pocket. The Harrison court held that this constituted a larceny. "It was not * * * necessary that the pocket-book should be removed from the pocket, if once within the grasp of the thief, to constitute larceny * * * there must be a taking or severance of the goods from the possession of the owner * * * [b]ut possession, so far as this offense is concerned, is the having or holding or detention of property in one’s power or command.” (Harrison v People, 50 NY, supra, at 523.)
In both Harrison (supra) and the present case, the defendant was thwarted "by the animate, forcible act of the owner taking back that which had for the instant passed from his control”. (Harrison v People, 50 NY, supra, at 523.) The court distinguished such a completed larceny from the situation where the defendant is thwarted by an inanimate object such *18 as a chain binding the goods to the owner. In such a situation, possession would remain with the owner, since there was an “actual physical connection” of the goods to the owner. Any movement by a potential thief would constitute merely an attempted grand larceny. (Harrison v People, 50 NY, supra, at 523-524.)
In People v Smith (140 AD2d 259, 261), the First Department held that where the defendant unzipped the complainant’s purse, removed a cosmetics bag, examined the contents of the cosmetics bag, then returned the bag to the complainant’s purse, a grand larceny was established since “even momentary possession of another’s property by the accused is sufficient”. From such evidence, the Appellate Division held, a jury could reasonably conclude that the defendant acted with larcenous intent. Similarly, in the case now before this court, the state of mind of the defendant, Richard Rembert, as he grabbed the complainant’s change purse, is an issue of fact for the jury to decide.
At common law, the crime of larceny contained an element of asportation or carrying away. Modern case law, however, places more emphasis upon intent and the exercise of dominion and control over the property. Thus, a person can be guilty of the theft of an automobile which has not moved (People v Alamo, 34 NY2d 453), or shoplifting merchandise without leaving the store (People v Olivo, 52 NY2d 309).
The principle that asportation, or the transfer of possession, dominion and control is complete, no matter how slight the movement or how brief the transfer has been widely applied in other States as well. (See, for example, State v Baker, 751 SW2d 154, 158 [Tenn Cr App 1987] [Carrying property to the rear of a store constituted an asportation, since “Asportation is accomplished by the slightest movement of personalty by trespass”]; Jones v Commonwealth, 3 Va App 295, 302, 349 SE2d 414, 418 [1986] [Removal of items from store display constituted asportation, since "the slightest removal, even if it is only a hair’s breadth * * * is sufficient”]; People v Alexander, 17 Mich App 30, 169 NW2d 190 [1969] [Defendant’s ordering attendant to place money in a bag constituted asportation]; Hutchinson v State, 427 P2d 112 [Okla Cr App 1967] [Removing a cash box from a store office constituted asportation even though the defendant was stopped before he left the store].)
Therefore, since the defendant herein possessed the com *19 plainant’s change purse and held it in his power and command albeit briefly until the moment when the complainant became aware of his action and forcibly regained possession, the defendant’s act would be legally sufficient as to permit the court to submit to the jury the charge of grand larceny in the fourth degree, as well as the lesser charge of attempted grand larceny in the fourth degree.