■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY SMITH, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered on June 16, 1989, convicting defendant of robbery in the second degree and robbery in the third degree and sentencing him to concurrent prison terms of from 2½ to 7½ years and 1 year, respectively, unanimously modified, on the law to reverse the conviction of third degree robbery and dismiss that count of the indictment, and otherwise affirmed.

While walking on 42nd Street in Manhattan in the early morning hours, complainant was approached by defendant, who ripped a chain and medallion from complainant's neck. Complainant grabbed at defendant's hands and was able to retrieve the jewelry as the police were arriving.

At trial, defense counsel moved to have attempted robbery charged as a lesser included offense. The trial court denied the

motion, stating that no reasonable view of the evidence would support a conviction for attempted robbery and not for completed robbery. We agree. Despite the fact that the complainant eventually recovered his property, the taking element of larceny was satisfied. *(Harrison v People,* 50 NY 518.) No reasonable view of the evidence would support a finding of guilt on an attempted robbery charge and not on a completed robbery charge. *(See,* CPL 300.50 [1].)

As respondent concedes, since defendant was found guilty and convicted of second degree robbery, his conviction of the lesser included offense of third degree robbery should be vacated. (CPL 300.40 [3] [b].) Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.