Appeal from Third District

## STATE v. OLSON et al.

No. 3742.   Decided March 9, 1922.   (205 Pac. 337.)

1. LARCENY—EVIDENCE HELD TO SHOW ATTEMPT TO STEAL AUTOMO-
BILE.   In a prosecution under Compiled Laws 1907, § 3974x7, as
amended by Laws 1921; c. 81, for larceny of an automobile, evi-
dence that defendant and his companion had attempted to start
an automobile, and had replaced a part removed by the owner,
and that when accosted by a policeman defendant claimed to
be the owner of the automobile, *held* to show an attempt to
commit the offense charged, even if it would not have author-
ized a conviction for the completed offense because there was
no asportation. .

2. CRIMINAL LAW—LARCENY—WHERE EVIDENCE SHOWS ATTEMPT,
QUESTION SHOULD BE SUBMITTED TO JURY, OR JURY MAY BE DIS-
CHARGED, AND TRIAL ON CHARGE OF ATTEMPT DIRECTED.   Under
Comp. Laws 1917, § 9025, authorizing conviction of an attempt
to commit the offense charged, accused is not entitled to a dis-
charge because the evidence showed only an attempt to commit
the offense, but the court should have left the question of at-
tempt to the jury, or it could have exercised the discretion
given it by Comp. Laws 1917, § 8527, to discharge the jury and
direct a trial of defendant upon a charge of attempt.

3. STATUTES—AUTOMOBILE REGISTRATION LAW DOES NOT EMBRACE
DISCONNECTED SUBJECTS.   Laws 1921, c. 81, regulating the regis-
tration, transfer, etc., of automobiles to prevent the theft of
vehicles and parts thereof, does not include more than one sub-
ject contrary to Const. art. 6, § 3, so that the provision therein
making it an offense to drive away an automobile is valid.[1]

Appeal from District Court, Third District, Salt Lake
County; *Elias Hansen,* Judge.

*H. L. Olson* and another were charged with larceny of an
automobile.   From judgment dismissing the information and

[1] *Edler* v. *Edwards,* 34 Utah, 13, 95 Pac. 367; *State* v. *Erickson,*
47 Utah, 452, 154 Pac. 948; *Naylor* v. *Crabbe,* 45 Utah, 617, 148 Pac.
359; *State* v. *Hammond,* 46 Utah, 249, 148 Pac. 420; *Salt Lake City*
v. *Wilson,* 46 Utah, 60, 148 Pac. 1104; *Martineau* v. *Crabbe,* 46 Utah,
327, 150 Pac. 301; *Mutart* v. *Pratt,* 51 Utah, 246, 170 Pac. 67.

discharging the named defendant at the close of the State's evidence, the State appeals.

REVERSED.

*Harvey H. Cluff,* Atty. Gen., and *W. Hal Farr,* Asst. Atty. Gen., for the State.

*John F. Tobin,* of Salt Lake City, for appellant.

GIDEON, J.

The defendant H. L. Olson, respondent here, and one Lafe Newbold were charged in an information filed in the district court of Salt Lake county with a felony. At the close of the state's evidence the court granted a motion to dismiss the information and discharge the defendant. The state appeals from that judgment.

The prosecution is under Comp. Laws Utah 1917, § 3974x7, as amended by chapter 81, Laws Utah 1921. The section as amended is as follows:

"Any person who shall willfully deprive the owner of any vehicle, either temporarily or permanently by taking possession of, or driving, or taking away said vehicle, or any person who shall assist in or be a party to such taking possession of, or driving, or taking away of any vehicle belonging to another and standing in any street, road, garage or other building or place, or whoever receives, buys or conceals any vehicle knowing or having reason to believe the same to have been stolen, shall be deemed guilty of a felony."

It appears from the testimony that one Hertwig, on the 6th day of August, 1921, was the owner of a Hudson automobile, and that he left the same on Main street, in Salt Lake City, on the evening of that day. Upon leaving the car he removed the rotary arm from the ignition system. After leaving the car he attended a theater. During the time he was in the theater the defendants climbed into the car, and the respondent seated himself at the steering wheel, and apparently attempted to start the car. Thereupon his companion climbed out and raised the right side of the hood over

the engine, and inserted his arm into or upon the machinery. It is in the testimony that after so doing he removed something from his coat pocket, and again extended his arm into or upon the machinery of the engine. Newbold then again got into the car. At that time a policeman appeared and inquired of respondent and his companion, if they were the owners of the car, and the respondent answered, "Yes." The policeman then asked the number of the car. The respondent did not give the number, but stated that he "had papers down at the house that would show" that the car belonged to him. The officer thereupon arrested the respondent and his companion, and took them to the police station. It also appears that shortly thereafter some other officers removed the automobile to the police station. The owner, Mr. Hertwig, about the hour of 9 p. m., came from the theater, discovered the loss or removal of the automobile, and immediately proceeded to the police station to report the loss. In examining the car at the police station the owner found a rotary arm in the ignition system.

Counsel for respondent argued in the district court, and argues here, that the facts do not show the commission of any public offense as defined in the statute quoted. It is further contended by respondent that there must be a union of act and intent to constitute an offense, and that the testimony does not show any act in furtherance of the commission of the offense. In other words, that some asportation of the automobile was necessary before the crime was consummated. The district court adopted that theory, and ordered the information dismissed and the respondent's bondsmen discharged. The ruling of the court is assigned as error.

In considering the question presented and argued we do not find it necessary to determine whether the facts shown by the state's evidence authorized submitting to the jury whether respondent was guilty of the principal crime charged in the information and enumerated in the statute.        1 The testimony, in the judgment of the court, clearly shows an attempt to commit the offense charged. In the light

of such evidence the court should not have granted the motion to discharge the defendant, but should have submitted to the jury whether the defendant was guilty of an attempt to commit the offense.

Comp. Laws Utah 1917, § 9025, is as follows:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

Under the facts shown, if the court was of the opinion that there was no proof of the crime charged, and, there being proof of an attempt to commit the offense charged, that question should have been left to the jury. The court, in its discretion, under Comp. Laws Utah 1917, § 8527, could have ordered the jury discharged, and directed the respondent to be tried upon the attempt to commit a crime.

The respondent further contends that the statute under which the prosecution was instituted is unconstitutional in this: That chapter 81, Laws Utah 1921, includes more than one subject. Section 23 of article 6 of our state Constitution provides:

"Except general appropriation bills, and bills for the codification and general revision of laws, no bill shall be passed containing more than one subject, which shall be clearly expressed in its title."

The title of chapter 81, so far as material, is as follows:

"An act to regulate the placing of identification numbers on vehicles; * * * to provide for the registration, transfer of ownership, inspection and issuing of number plates for vehicles; * * * to prevent the theft of vehicles and parts thereof," etc.

Removing or depriving the owner of a motor vehicle without the consent of the owner is of necessity included within the general act to prevent the theft of vehicles and parts thereof. The general purpose of the act is to regulate the means of identifying vehicles, and to prevent the obliteration or removal of the evidence of identification, and to provide against the theft of such vehicles or any parts thereof. The argument that the act includes within its provisions subjects in no way connected cannot be sustained under the general principles or rules of construction stated by this court in the following cases: *Edler* v. *Edwards*, 34

Utah 13, 95 Pac. 367; *State* v. *Erickson,* 47 Utah, 452, 154 Pac. 948; *Naylor* v. *Crabbe,* 45 Utah, 617 ,148 Pac. 359; *State* v. *Hammond,* 46 Utah, 249, 148 Pac. 420; *Salt Lake City* v. *Wilson,* 46 Utah, 60, 148 Pac. 1104; *Martineau* v. *Crabbe,* 46 Utah, 327, 150 Pac. 301; *Mutart* v. *Pratt,* 51 Utah, 246, 170 Pac. 67.   In a recent decision of this court the foregoing cases are discussed and applied.   See *State* v. *McCornish,* 59 Utah, 58, 201 Pac. 637.

It follows from the foregoing that the district court erred in granting the motion to dismiss the information and discharge the respondent.   Such order is therefore reversed.

CORFMAN, WEBER, THURMAN, and FRICK, JJ., concur.