Richards W. Hannah, J.
A petition has been filed against the respondent alleging that on March 20, 1964 at about 11:45 p.m., ‘ ‘ acting in concert with another youth not, as of ■this date, apprehended, he was in the unlawful possession of a stolen automobile; to wit: 1960 Chevrolet Panel Truck, license #284-980 N. Y. 64 * * * the property of [James Smith] * * *. The youth and his companion were observed inside the vehicle and he was apprehended a few blocks away after the above youth fled from the stolen vehicle.”
The respondent denies these allegations.
The petitioner, a police officer, testified that while on patrol in a radio ear with another officer, they saw the vehicle in which the respondent and another boy were sitting. As the policeman approached, he claims he saw the respondent get out -of the truck, that he was within three feet of him and that the respond *171 ent fled. The officer stumbled but got up and pursued the respondent. However, he lost him after a long chase. A few minutes later another officer took the respondent in custody. He was identified by the pursuing officer and arrested. Upon questioning, he denied being in the stolen truck. The arresting officer testified that the engine of the truck was running. He admitted that the respondent was sitting next to the driver and that at no time did he see the truck in motion. The person sitting in the driver’s seat was never apprehended.
The respondent testified that he was not in the stolen truck, that he did not steal it and that at no time was he even in the vicinity of the truck. He outlined his activities that evening and if his testimony is believed, he was not the person the officer saw in the truck or pursued.
Thus a close question of identification is involved. Having seen the two witnesses and observed their manner and considered their interests, I accept the officer’s version and his positive identification of the respondent.
The important issue presented is whether the respondent is guilty of a violation of section 1298-a of the Penal Law, which provides: “ Any person who, under circumstances not constituting larceny as defined by any other section of this article shall, without the consent of the owner, take, use or operate, or cause to be taken, used or operated ° * ® an automobile or other motor vehicle * * * for Ms profit, use or purpose, steals the same, is guilty of larceny and shall be punished accordingly.” (Italics mine.)
Did he ‘ ‘ take, use or operate ’ ’ the truck for ‘ ‘ his profit, use or purpose ” within the meaning of the statute? In Matter of Slattery, Dom. Relations Court, City of N. Y., Children’s Court Division (14 A D 2d 805) this statute was considered. A review of the case on appeal shows that the facts are very similar to this case. The owner of a stolen automobile located his automobile after its theft about four blocks from his home with no one in it. He went to get the police and when he returned he saw Slattery sitting in it behind the wheel. The motor was not running. He had never given Slattery permission to take or use the car. The engine could be started by moving the switch unless it had been locked. A detective testified that he questioned Slattery who denied he had taken the car, denied he knew who took it, stated that he came from a church and saw a group of boys on the corner, one of whom said “ There’s a car with a key in the lock ”, “ It’s been there quite a while ”, so he walked over and sat behind the wheel. He stated he could not drive. The officers said the *172 key was in the switch. Slattery denied knowing who owned the car. Slattery testified that he did not take the car, did not ride in it, that he had never driven a car, that he heard the kids talking about it, that he went over to look at it, that he sat in it a minute when the owner came, and that he never started the car although he saw the key. On this evidence the Appellate Division reversed the finding of juvenile delinquency both upon the law and the facts and dismissed the petition.
The difference between the Slattery case and this case is that here the motor was running but the respondent was sitting next to the driver if the officer’s testimony is accepted. The proof here is weaker than against Slattery. The only additional evidence against the respondent is that he fled, which could be considered as some evidence of guilt but which act he denies.
Therefore, since no evidence was produced which showed that the respondent took, operated or used the motor vehicle for his profit, use or purpose, the petition must be dismissed. I do not think that this statute applies to a person sitting in a motor vehicle as respondent did here.
Petition is dismissed.