■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONNA M. ENGLISH, Respondent.—Kane, J. P. Appeal from an order of the County Court of Tompkins County (Barrett, J.), entered August 26, 1987, which granted defendant's motion to dismiss the indictment.

A Grand Jury indicted defendant for the crime of grand larceny in the fourth degree (Penal Law § 155.30 [1]). The question on the instant appeal is whether County Court properly dismissed the indictment on the ground that it was legally insufficient. Legally sufficient evidence is defined as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]). "The test is whether the evidence before the Grand Jury if unexplained and uncontradicted would warrant conviction by a trial jury" (People v Pelchat, 62 NY2d 97, 105). Therefore, if the People have established a prima facie case, the evidence is deemed legally sufficient (see, People v Sabella, 35 NY2d 158, 167).

Penal Law § 155.05 (1) provides, in pertinent part, that: "A person steals property and commits larceny when, with intent to deprive another of property * * * he wrongfully takes, obtains or withholds such property from an owner thereof." A person is guilty of grand larceny in the fourth degree if he steals property that has a value in excess of $1,000 (Penal Law § 155.30 [1]). In the instant case, it was alleged that defendant, who was a deputy town clerk, had stolen money collected for taxes. The testimony before the Grand Jury established that once a tax bill was paid, the person who collected the tax noted on the bill that it was paid and whether it was paid by check or cash. Either the town clerk or defendant collected the tax. If the bill was paid in cash, it was placed in an unlocked cash drawer. At the time deposit slips were made for the money received, an entry was simultane-

ously made in a tax collection record book. Deposits were not always made on the same day as the day that the payment of a tax had been received. Entries were also made on an assessment roll of tax bills paid. These, too, were not necessarily made on the same day that a tax payment was received.

In May 1987, it was discovered that the cash payments of three taxpayers were missing. In two cases, it was defendant who received the cash payments, while in one it was the town clerk who collected the cash. In one case, there was no receipted tax bill; in another case, it was defendant who signed the tax bill; and in the third case, the town clerk signed the tax bill. It was defendant's responsibility to fill out the assessment roll and, in all three cases, the payments in question were noted by defendant on the assessment roll. The deposit slips in two of the cases were made out by defendant and in one case by the town clerk. There were no notations in the tax collection record as to any of these payments. The three payments totaled $1,409.44, although the amount determined to be missing from the cash drawer was $1,437.01.

The evidence presented against defendant was wholly circumstantial; therefore, our inquiry as to whether it was legally sufficient consists of a determination of whether the facts, if proven, and the logical inferences that flow from these facts, supply proof of every element of the charged crime *(see, People v Deegan,* 69 NY2d 976, 979). In the instant case, we can find no source from which to draw the inference of a wrongful taking other than that defendant received two of the payments in question. It was defendant's responsibility to collect these payments and, furthermore, in one case it was the town clerk who received payment. Further, while no entries were made in the tax collection record, there is no evidence as to whose responsibility it was to make such entries or who in fact made such entries. Additionally, the town clerk testified that it was payments by check that were listed in the tax collection record. There was no testimony as to whether cash payments were entered. Also, although defendant did not include two of the payments on the appropriate bank deposit slips, the other deposit slip omitting one of the payments was completed by the town clerk.

Finally, the entry on the assessment roll of the three payments does not support an inference of a wrongful taking. Although defendant had access to the money in the cash drawer, there were at least two other people, besides the town clerk, who had such access and, as noted, deposits were not always made on the same day as receipt of a payment. Also,

the amount of money missing exceeds the total of the payments made by the three taxpayers. In short, there is no evidence in the Grand Jury minutes from which it can be inferred that there was a wrongful taking by defendant. The facts, even if proven, fail to supply the proof of every element of the charged crime* and, accordingly, we affirm County Court's dismissal of the indictment.

Order affirmed. Kane, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.

(March 17, 1988)

---

* We are also of the view that, contrary to the People's claim, the evidence was insufficient to support a charge of the lesser included offense of petit larceny (see, CPL 210.30 [1]; Penal Law § 155.25).