■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE E. PARKER, Appellant.—Casey, J. Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered March 19, 1987, upon a verdict convicting defendant of the crime of grand larceny in the third degree, and (2) from

a judgment of said court, rendered March 24, 1987, which revoked defendant's probation and imposed a sentence of imprisonment.

During her five-year probation on a charge of criminal possession of stolen property in the second degree, defendant was indicted for a single count of grand larceny in the third degree stemming from an incident on September 8, 1986 at a Shop Rite supermarket in the Town of Colonie, Albany County. Defendant was first observed by off-duty store detective Debra Pritchard in the produce aisle reaching into the purse of an elderly woman but coming out empty handed. Pritchard caused the manager to be notified and followed defendant to the frozen food aisle, where she observed defendant reach into the purse of another woman, Barbara Ferris, who had left it unattended on top of her shopping cart while she was reading a magazine. Defendant took a checkbook and a bundle of cash amounting to over $1,000 from the purse before she was approached by Pritchard. When Pritchard identified herself, defendant threw the money into the frozen food case and ran up the aisle. Pritchard retrieved the money and called to the manager to detain defendant. Defendant was apprehended between the two outer doors, but managed to break free. The manager and Pritchard obtained the license plate number of defendant's automobile as she drove away. This information was conveyed to the Town of Colonie Police Department.

Previously, the police in the Town of Rotterdam, Schenectady County, had been conducting an investigation concerning a series of wallet thefts at Shop Rite stores and, two weeks before this incident, Pritchard had viewed about 20 photos of suspects. Pritchard believed that defendant's picture was part of that photo array. In any event, on September 9, 1986, the day after the instant crime, Pritchard again went to the Rotterdam Police Department and identified defendant from the same random photo selection she had previously been shown. On September 10, 1986, Pritchard viewed 6 or 7 photos at the Colonie Police Department and again identified defendant, informing Detective Robert Lynch that she had previously identified defendant in Rotterdam. Lynch showed the store manager the same photos and he identified defendant as well. Following a *Wade* hearing, County Court denied defendant's motion to suppress any in-court identification of defendant by Pritchard and the store manager, but prohibited the prosecution from introducing any proof regarding the photo array in its direct case. County Court also ruled, after a

*Sandoval* hearing, that defendant's prior conviction of criminal possession of stolen merchandise could be used on the prosecution's cross-examination if defendant took the stand, and that the underlying facts of the crime could be elicited as bearing on defendant's credibility and placing her own interest above that of society. Defendant did not take the stand.

Defendant's motion to dismiss the indictment for insufficient proof was denied at the close of the prosecution's case. Defendant was found guilty as charged and sentenced to an indeterminate term of imprisonment of 2 to 4 years. Defendant appeals from this conviction and also from a separate judgment sentencing her to a prison term of 1 to 3 years upon finding that she had violated her probation.

On this appeal, defendant argues that the determination of County Court permitting the in-court identification of defendant by Pritchard and the store manager and the court's *Sandoval* determination were improper. We disagree. In our view, Pritchard and the store manager had ample opportunity to observe defendant "eye to eye" as she moved about the store and as they attempted to apprehend her. This provided an independent basis for the in-court identification and removed the possible taint of any suggestive pretrial identification procedures *(see, People v Adams,* 53 NY2d 241, 251; *People v De Camp,* 138 AD2d 858). Defendant's further claim, that the store manager did not testify at the pretrial *Wade* hearing, is meritless since that issue was not raised before County Court.

We further find that County Court's *Sandoval* ruling was proper, especially since defendant did not apprise County Court that she would be the only witness for the defense *(see, People v Rahman,* 46 NY2d 882, 883; *cf., People v Brown,* 84 AD2d 819). In addition, the proof offered by the prosecution was legally sufficient to support the charge. It is inconsequential that defendant had only temporary possession of the victim's property *(see, People v Alamo,* 34 NY2d 453, 457; *Harrison v People,* 50 NY 518, 523), and the required intent is established by her prior futile attempt in regard to the other woman's purse *(see, People v English,* 138 AD2d 831). We further find that conviction to have been amply supported by the weight of the evidence and see no reason to disturb it in the interest of justice.

Defendant's claim of ineffective assistance of counsel is meritless *(see, People v Baldi,* 54 NY2d 137), and the sentence was not unduly excessive since it was within the statutory limits and defendant is a predicate felon. Based on this

conviction and on defendant's plea to having violated her probation, the revocation of probation was also proper. The imposition of a prison sentence of 1 to 3 years for the crime underlying defendant's probation was also appropriate considering defendant's extensive record. The judgments appealed from should, therefore, be affirmed.

Judgments affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.