OPINION OF THE COURT
Stephen M. Behar, Sr., J.
Defendant is accused of driving while intoxicated on April 29, 2000 at 3:00 a.m in Port Jefferson, New York. A breathalyzer test administered at 4:34 a.m. indicated a blood alcohol *615 level of .15 percentum. A misdemeanor information charges that the defendant “was observed behind the steering wheel of [the] vehicle while the engine was running.”
Defendant’s omnibus pretrial motion sought dismissal of the charges* pursuant to CPL 170.30 alleging that the accusatory instruments were defective within the meaning of CPL 170.35 in that the instruments were insufficient on their face pursuant to the requirements of CPL 100.40. In support of the motion the defendant proffered the police department’s alcohol influence report wherein it is reported that immediately prior to his arrest, the defendant, in answering the arresting officer’s questions, stated, “I was just parked.” Defendant’s motion was denied by this court’s opinion dated July 18, 2000. In that opinion, this court found that, “the question of whether the defendant was operating the motor vehicle within the meaning of Vehicle and Traffic Law § 1192, is a factual issue which can only be resolved at trial.”
Defendant now moves this court in limine to depart from the language of the jury charge specified in 2 CJI(NY)2d (“standard instructions”).
The standard instruction reads,
“A Person also operates a motor vehicle when such person is sitting behind the wheel of a motor vehicle for the purpose of placing it in operation, and when the motor vehicle is moving, or even if it is not moving, the engine is running.” (2 CJI[NY]2d VTL § 1192 [2], [3].)
Defendant has requested that the court utilize the following instruction:
“In order for you to find that the defendant ‘operated’ his motor vehicle as the term ‘operation’ is used in the Vehicle and Traffic Law, you must find more than that he simply occupied the motor vehicle with the motor running. You must find beyond a reasonable doubt that he started the motor ‘for the purpose of putting the automobile into motion.’ In other words, you must find, as a factual matter, beyond a reasonable doubt, that he intended to drive the vehicle and not merely occupy it.”
The standard instruction cites People v Alamo (34 NY2d 453, 458 [1974]) and People v Marriott (37 AD2d 868 [3d Dept 1971]) *616 as authority. The decision in Alamo (supra) concerned the appeal of a conviction for the theft of an automobile. In determining that the actions of the defendant in Alamo (supra) were sufficient to allow a finding that the defendant “operated,” and therefore possessed and controlled, the subject automobile, the Court of Appeals undertook an extensive review of decisions involving driving while intoxicated charges. (Alamo, 34 NY2d, supra, at 458-459.) The Court of Appeals concluded that actual movement of the automobile was not a requirement for a finding of operation. Operation could be found from evidence establishing that a defendant manipulated machinery “ Tor the purpose of putting the automobile into motion.’ ” (Alamo, 34 NY2d, supra, at 459, citing People v Domagala, 123 Misc 757, 758.)
There seems to be no question that a fact finder’s conclusion that a person was “operating” a motor vehicle would be permissible, if a defendant were sitting behind the wheel of a motor vehicle for the purpose of placing it in operation. If the evidence at trial supports that conclusion, and none other, any additional or modified charge would be unwarranted.
Defendant, however, anticipates offering evidence at trial that defendant’s “sole purpose in being in the vehicle was to keep warm from the cold night and that he did not intend at any time while in that condition to move the motor vehicle.” (Defendant’s request for instruction, Sept. 27, 2000, at 2, 2.) In support of defendant’s request, defendant cites the unpublished opinion in People v Desantis (Sup Ct, App Term [9th & 10th Jud Dists, May 21, 1990]) as reported in the New York Law Journal (May 21, 1990, at 32, col 4). In that opinion the Appellate Term, inter alia, upheld a nonjury factual determination by a trial court that the intoxicated defendant had not started the automobile for the purpose of putting it in motion. The trial court had credited the defendant’s testimony that he had entered and started the automobile to obtain shelter from the cold.
Jury instructions should be determined at the close of evidence. (People v McCallam, 103 NY 587, 595-596 [1886].) However, in certain circumstances, it is not unreasonable for a court to indicate the instructions it might render, if appropriate credible evidence were proffered. (See, CPLR 4110-b; cf., CPL 300.10 [4].)
The standard instruction does not require a finding; it requires that the jury first determine the intent of the defendant as to the use of the automobile.
*617 While this court will not adopt the proposed substitute to the standard instructions, this court will enlarge the standard instructions if, in this court’s opinion, the trial evidence would warrant such enlargement. If, during the course of trial, the facts uncovered would permit a reasonable inference that the actions of the defendant could have been for some purpose other than placing the automobile in motion, the jury should be instructed that in order to conclude that the defendant was guilty of the charge, it must first conclude that the defendant specifically intended to operate the vehicle, that is to place the vehicle in motion.

 Defendant was charged under section 1192 (2) and (3) of the Vehicle and Traffic Law.