The People of the State of New York, Respondent,
against
Darrin Holloway, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Arlene D. Goldberg, J., at plea; Melissa A. Crane, J., at plea withdrawal motion and sentencing), entered July 21, 2015, convicting him, upon his plea of guilty, of operating a motor vehicle while under the influence of alcohol (VTL § 1192[3]) and imposing sentence.




Per Curiam.
Judgment of conviction (Arlene D. Goldberg, J., at plea; Melissa A. Crane, J., at plea withdrawal motion and sentencing), rendered July 21, 2015, affirmed.
In the absence of any indication in the plea colloquy that defendant was informed of his right to be prosecuted on an information and knowingly waived that right, the accusatory instrument must be treated as an information for purposes of assessing its facial sufficiency (see People v Kalin, 12 NY3d 225, 228 [2009]). So viewed, the information charging defendant with operating a motor vehicle while under the influence of alcohol (see Vehicle and Traffic Law § 1192[3]) was not jurisdictionally defective. Allegations that defendant was behind the wheel of a car with its engine running satisfied the operation element of the offense (see People v Alamo, 34 NY2d 453, 458-459 [1974]; People v Almanzar, 113 AD3d 527 [2014], lv denied 23 NY3d 1059 [2014]). 
The court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea, without conducting a hearing (see People v Frederick, 45 NY2d 520, 524-525 [1978]). The record establishes that defendant knowingly, intelligently, and voluntarily pleaded guilty. Defendant's conclusory assertions of innocence and coercion were contradicted by the record and are meritless. Despite ample opportunity to elaborate on these purported claims, defendant did not establish any basis for vacating the plea or conducting a hearing (see People v Duarte, 111 AD3d 477 [2013], lv denied 22 NY3d 1138 [2014]). 

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2017