People v Vera (2022 NY Slip Op 50406(U))

[*1]

People v Vera (Mario)

2022 NY Slip Op 50406(U) [75 Misc 3d 130(A)]

Decided on May 18, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 18, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Hagler, Michael, JJ.

570614/19

The People of the State of New York,
Respondent,
against
Mario Perez Vera, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Jeffrey M. Zimmerman, J.), rendered July 3, 2019, after a jury trial, convicting him of
driving while ability impaired by alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (Jeffrey M. Zimmerman, J.), rendered July 3, 2019,affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the
evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis upon
which to disturb the jury's determinations concerning credibility. The evidence established
beyond a reasonable doubt that defendant's ability to drive was impaired by the consumption of
alcohol (see Vehicle and Traffic Law § 1192 [1]). The credited police testimony
established that defendant was asleep, slumped over behind the steering wheel of a minivan that
was parked in a "no standing" zone at 3:00 a.m., with its engine running and loud music playing;
defendant had an open bottle of Modelo beer between his legs; the officers tried to wake
defendant by banging on the window and activating the siren on their vehicle; upon waking,
defendant had watery and bloodshot eyes, the odor of an alcoholic beverage on his breath (see
People v Cruz, 48 NY2d 419, 426-427 [1979], appeal dismissed 466 US 901 [1980])
and he refused to submit to a breath test (see People v Smith, 18 NY3d 544 [2012]; see also People v Fiumara, 116 AD3d
421 [2014], lv denied 23 NY3d 1036 [2014]).
Nor was the accusatory instrument jurisdictionally defective. The operation element of the
charged offense was satisfied by allegations that defendant was seated behind the steering wheel
of the vehicle with the key in the ignition and the engine running (see People v Alamo, 34
NY2d 453, 458 [1974]; People v
Almanzar, 113 AD3d 527 [2014], lv denied 23 NY3d 1059 [2014]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: May 18, 2022