People v Baafi (2022 NY Slip Op 50494(U))

[*1]

People v Baafi (Clement)

2022 NY Slip Op 50494(U) [75 Misc 3d 133(A)]

Decided on June 15, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 15, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570001/21

The People of the State of New York,
Respondent, 
against
Clement Baafi, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Michael John Hartofilis, J.), rendered January 15, 2020, convicting him, upon his plea of
guilty, of following too closely, and imposing sentence.

Per Curiam.
Judgment of conviction (Michael John Hartofilis, J.), rendered January 15, 2020,
affirmed.
Since defendant waived the right to be prosecuted by information, the facial sufficiency of
the accusatory instrument must be assessed under the standard required of a misdemeanor
complaint (see People v Dumay, 23 NY3d 518, 522 [2014]) So viewed, the accusatory
instrument was jurisdictionally valid. Sworn police allegations that defendant was observed
"seated behind the steering wheel, keys inside the vehicle" with the "engine running [and]
headlights on" satisfied the operation element of the charged Vehicle and Traffic Law offenses
(see Vehicle and Traffic Law § 1192[1],[3]; People v Alamo, 34 NY2d 453,
458-459 [1974]; People v
Almanzar, 113 AD3d 527 [2014], lv denied 23 NY3d 1059 [2014]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 15, 2022