People v Jones (2023 NY Slip Op 00493)

People v Jones

2023 NY Slip Op 00493

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Moulton, Mendez, JJ. 

00109C/11 58689C/11 00109C/11 58689C/11 Docket No. 00109C/11 58689C/11 Appeal No. 17213-17213A Case No. 2015-925 

[*1]The People of the State of New York, Respondent,
v
Antoine Jones, Defendant-Appellant. 

Janet E. Sabel, The Legal Aid Society, New York (Denise Fabiano of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Ethan Greenberg, J.), rendered January 6, 2012, convicting defendant, after a nonjury trial, of operating a motor vehicle while ability impaired by alcohol, and sentencing him to a $500 fine and a conditional discharge, and also convicting him, upon his plea of guilty, of aggravated unlicensed operation of a vehicle in the third degree, and sentencing him to a $200 fine, unanimously affirmed.
The court's verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The circumstantial evidence presented at trial established that defendant operated a vehicle within the meaning of Vehicle and Traffic Law 1192(1). "[O]peration of the vehicle is established on proof that the defendant was merely behind the wheel with the engine running without need for proof that defendant was observed driving the car, i.e., operating it so as to put it in motion (People v Alamo, 34 NY2d 453, 458 [1974]). Defendant was found alone in a car registered to himself, seated in the driver's seat, with the engine running. The car was stopped at an angle to the road, blocking the eastbound lanes, and facing the oncoming eastbound traffic. An EMS worker testified that he roused the vomit-covered defendant from apparent unconsciousness and was informed by defendant that he was trying to get home. There is no rational explanation for this evidence except that, while impaired, defendant drove his car to that location, and intended to resume doing so.
Accordingly, there is also no basis to disturb the conviction by guilty plea.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023