People v Galindo (2023 NY Slip Op 50455(U))

[*1]

People v Galindo (Carlos)

2023 NY Slip Op 50455(U)

Decided on April 21, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 21, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, LOURDES M. VENTURA, JJ

2016-2355 Q CR

The People of the State of New York, Respondent, 
against
Carlos Galindo, Appellant. 

New York City Legal Aid Society (Jeffrey Dellheim and Rachel Pecker of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi Josette Simmons McGhee and Jonathan Maseng of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Stephanie L. Zaro, J.), rendered August 18, 2016. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated (per se), driving while intoxicated (common law), consumption or possession of alcoholic beverages in certain motor vehicles and unlicensed operation of a motor vehicle, and imposed sentence. The appeal brings up for review an order of that court dated July 27, 2015 denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds. By decision and order dated June 12, 2020, this court reversed the judgment of conviction, vacated the order dated July 27, 2015 denying defendant's motion to dismiss the accusatory instrument, and granted defendant's motion (People v Galindo, 70 Misc 3d 16 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). The People appealed to the Court of Appeals from so much of this court's order as reversed so much of the judgment as convicted defendant of consumption or possession of alcoholic beverages in certain motor vehicles and unlicensed operation of a motor vehicle, vacated so much of the July 27, 2015 order as denied the branches of defendant's motion seeking to dismiss those counts of the accusatory instrument on statutory speedy trial grounds, and granted those branches of defendant's motion. On June 16, 2022, the Court of Appeals reversed the order of this court, insofar as appealed from, and remitted the matter to this court for consideration of issues raised but not determined with respect to the counts charging consumption or possession of alcoholic beverages in certain motor vehicles and unlicensed operation of a motor vehicle on the appeal to this court (People v Galindo, 38 NY3d 199 [2022]).

ORDERED that, upon remittitur from the Court of Appeals, so much of the judgment as convicted defendant of consumption or possession of alcoholic beverages in certain motor vehicles and unlicensed operation of a motor vehicle is affirmed.
In January 2014, defendant was charged in a single misdemeanor information with three misdemeanor counts and three traffic infractions under various sections of the Vehicle and Traffic Law. In April 2015, defendant moved to dismiss the accusatory instrument on speedy trial grounds (see CPL 30.30). By order dated July 27, 2015, the Criminal Court denied the motion, concluding that the People did not exceed the applicable 90-day statutory time limit. After a jury trial on all six charges, defendant was convicted of two misdemeanor charges, driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), and two traffic violations, consumption or possession of alcoholic beverages in certain motor vehicles (Vehicle and Traffic Law § 1227 [1]) and unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]). The jury acquitted defendant of the other charges.
In a decision and order dated June 12, 2020, this court reversed the judgment of conviction, vacated the July 27, 2015 order denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds, and granted that motion (People v Galindo, 70 Misc 3d 16 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). The misdemeanor charges were dismissed because the People were chargeable with a total of 95 days, more than the 90 days statutorily granted to them to be ready for trial in this case (see CPL 30.30 [1] [b]). This court also dismissed the traffic infraction charges, holding that the CPL 30.30 amendment, which brought traffic infractions into its ambit (see CPL 30.30 [1] [e]) and was made effective on January 1, 2020 during the pendency of defendant's appeal, applied retroactively.
The People appealed to the Court of Appeals from the part of this court's order that reversed so much of the judgment as convicted defendant of consumption or possession of alcoholic beverages in certain motor vehicles and unlicensed operation of a motor vehicle, vacated so much of the July 27, 2015 order as denied the branches of defendant's motion seeking to dismiss those counts of the accusatory instrument on statutory speedy trial grounds, and granted those branches of defendant's motion, contending only that CPL 30.30 (1) (e) did not apply to the traffic infractions in this case. The Court of Appeals reversed this court's order, insofar as appealed from, and denied the branches of defendant's motion seeking to dismiss so much of the accusatory instrument as charged those traffic infractions, determining that, contrary to this court's holding, CPL 30.30 (1) (e) should not be given retroactive effect (People v Galindo, 38 NY3d 199 [2022]). Consequently, the Court of Appeals remitted the case to this court "for consideration of the facts and issues raised but not determined on appeal" to this court (id. at 208).
Defendant's remaining contentions raised in his brief that had not been previously addressed by this court were whether the People failed to present legally sufficient evidence to support the operation element of driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), and whether the verdict convicting him of those misdemeanors was against the weight of the evidence. The Court of Appeals, however, did not reverse so much of this court's order as reversed so much of the judgment as convicted defendant of those misdemeanors, vacated so much of the July 27, 2015 order as denied the branches of defendant's motion seeking to dismiss those counts of the accusatory instrument on statutory speedy trial grounds, and granted those branches of defendant's motion. Consequently, those counts stand dismissed.
Although not raised in his brief, at oral argument defendant contended that the People failed to present legally sufficient evidence to support a finding that he was an "operator" of a motor vehicle with respect to the count charging him with consumption or possession of alcoholic beverages in certain motor vehicles (see Vehicle and Traffic Law § 1227 [1]), or that he "operate[d]" a motor vehicle with respect to the count charging him with unlicensed operation of a motor vehicle (see Vehicle and Traffic Law § 509 [1]), which contentions the People orally opposed on the merits. We therefore reach the issues as a matter of discretion in the interest of justice.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish that defendant was the "operator" of and "operate[d]" the vehicle (see People v Alamo, 34 NY2d 453, 458 [1974]; People v Cunningham, 274 AD2d 484 [2000]; People v Allaico, 70 Misc 3d 134[A], 2021 NY Slip Op 50026[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). In addition, upon the exercise of this court's factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the jury's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find the guilty verdict with respect to consumption or possession of alcoholic beverages in certain motor vehicles and unlicensed operation of a motor vehicle was not against the weight of the evidence.
Accordingly, so much of the judgment as convicted defendant of consumption or possession of alcoholic beverages in certain motor vehicles and unlicensed operation of a motor vehicle is affirmed.
BUGGS, J.P., OTTLEY and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 21, 2023