People v Darby (2025 NY Slip Op 50033(U))

[*1]

People v Darby (Gregory)

2025 NY Slip Op 50033(U) [84 Misc 3d 133(A)]

Decided on January 16, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 16, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J, Brigantti, Tisch, JJ.

570246/19

The People of the State of New
York, Respondent,

against

Gregory Darby,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Tara A. Collins, J.), rendered March 26, 2019, convicting him, upon a
plea of guilty, of driving while intoxicated, and imposing sentence.

Per Curiam.

Judgment of conviction (Tara A. Collins, J.), rendered March 26, 2019,
affirmed.

Since defendant waived prosecution by information, the accusatory instrument is
assessed under the reasonable cause standard applicable to a misdemeanor complaint
(see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the instrument
charging various Vehicle & Traffic Law offenses, including driving while
intoxicated (see Vehicle & Traffic Law § 1192[2]), was jurisdictionally
valid. Contrary to defendant's contention, the operation element of the offenses was
satisfied by allegations that defendant was seated behind the steering wheel of the vehicle
that was stopped in the middle of the one traffic lane, with the engine running; defendant,
who was asleep, was the sole occupant; the driver's side door was open, and a substance
that appeared to be vomit was on the ground outside the door (see People v
Alamo, 34 NY2d 453, 458-459 [1974]; People v Almanzar, 113 AD3d 527 [2014], lv denied
23 NY3d 1059 [2014]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: January 16, 2025