People v Vacaj (2025 NY Slip Op 50346(U))

[*1]

People v Vacaj (Aleksander)

2025 NY Slip Op 50346(U) [85 Misc 3d 132(A)]

Decided on March 20, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 20, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570142/20

The People of the State of New
York, Respondent, 

against

Aleksander Vacaj,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Laurence E. Busching, J.), rendered February 28, 2020, convicting him,
after a jury trial, of aggravated driving while intoxicated, and imposing sentence.

Per Curiam.

Judgment of conviction (Laurence E. Busching, J.), rendered February 28, 2020,
affirmed.

The verdict convicting defendant of aggravated driving while intoxicated per se
(see Vehicle and Traffic Law § 1192 [2-a]) was supported by legally
sufficient evidence and was not against the weight of the evidence. The evidence
presented at trial established that defendant operated a vehicle within the meaning of
Vehicle and Traffic Law § 1192 (see People v Alamo, 34 NY2d 453,
458-459 [1974]; People v
Jones, 213 AD3d 416, 417 [2023], lv denied 39 NY3d 1155 [2023]). An
off-duty police officer (Perez) and his wife (Rodriguez) testified that they heard a crash
while inside their nearby apartment, followed by the sound of a car engine revving. Perez
left his apartment and arrived at the scene a few minutes later. He found the vehicle stuck
to the side of a parked car, with defendant in the driver's seat and no one else inside.
Defendant kept "ramming" the engine, trying to reverse the car away from the crash.
Rodriguez similarly testified that she looked out her window after hearing the crash and
observed a vehicle had crashed into a parked car and that the driver was trying to reverse
and leave the scene. She then observed a light-skinned man in a suit exit from the driver's
side.

The jury was also entitled to credit the police testimony, corroborated by the breath
test video and documentary evidence, showing that the Intoxilyzer 5000EN was in proper
working condition and that the test itself was properly administered (see People v Fratangelo, 23
NY3d 506 [2014]), when it revealed that defendant's blood alcohol level was .24,
three times the legal limit, and a third greater than the .18 percent necessary to support
his conviction (see Vehicle and Traffic Law § 1192 [2-a]). There is no basis
for disturbing the jury's determinations concerning credibility, including its rejection of
defendant's expert's testimony (see People v Danielson, 9 NY3d 342, 348—349
[2007]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: March 20, 2025